ORDERED.

**Dated: May 12, 2017**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
http://www.flmb.uscourts.gov/

In re:

Mark Giles

DEBTORS /

Case No.: **16-03316-KRM**
Chapter 7

**ORDER GRANTING TRUSTEE'S MOTION**
**TO SELL REAL PROPERTY AND PAY SECURED CREDITORS**

6568 Sheperd Oaks Street Lakeland, FL 33811

THIS CASE came before the court to consider Chapter 7 Trustee, Traci K. Stevenson's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors* (the "Motion") (Dkt. No. 29). The Motion was served upon all interested parties and noticed for hearing date of May 8, 2017 informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at:

Lot 38, Sheperd Oaks, Phase 2, according to the Plat thereof, recorded in Plat Book 112, Pages 15 and 16 of the public records of Polk County, Florida,
More commonly known as 6568 Shepherd Oaks Street Lakeland, FL 33811

(the "Real Property"), for $124,000.00, conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay the secured mortgage creditor, Seterus, Inc. (also known as "Secured Creditor") the full amount of their lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

5. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Jimmy L. Smith (the "Buyer").

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. Mark Giles, Debtor, name on deed
2. Seterus, Inc., mortgage lienholder

6. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

7. The Buyer has not assumed any liabilities of the Debtor.

8. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real

property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% to RE/MAX Paramount Properties | $7,440* |

*this commission is intended to be shared with a cooperating agent from Live Florida Realty and BK Global Real Estate Services.

| | |
|---|---|
| Title Charges: | $ 1,221.00 |
| Government recording / transfer charges: | $ 1,127.50 |
| Other / Debits | $ |
| (*incl. 506(c) surcharge, Trustee Liability Insurance*) | |
| Satisfaction of Liens: | |
| Seterus, Inc. (home mortgage servicer) | $ 107,251.06 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor and applicable home owners association.

9. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an “as is, where is” or “with all faults” basis.

10. Buyer is approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any

disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

12. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

Traci Stevenson, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.